United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>SPARROW,<br><br>        Defendant. | Case No. 19-cr-00076-HSG-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION**<br><br>Re: Dkt. No. 77 |

The Court has reviewed Defendant's Motion for Early Termination of Supervised Release and supporting documents (Dkt. No. 77), and the oppositions filed by the Probation Office (Dkt. No. 80) and the United States (Dkt. No. 79). On December 16, 2020, Defendant was sentenced to a five-year term of probation, with a special condition requiring him to complete 18 months in the Location Monitoring Program on a curfew. Dkt. No. 55 at 2, 4. This noncustodial sentence was a substantial variance below the advisory Guidelines range of 27 to 33 months of imprisonment, which was based on the loss amount of Defendant's fraud offense (nearly $300,000) and an enhancement for ten or more victims. Dkt. No. 45 (Presentence Report) at 7, 17.

Having served less than half of his term of probation, and only a few months after completing the electronic monitoring condition, Defendant now seeks outright termination of his supervision obligation. Defendant essentially contends that he has made extraordinary rehabilitative efforts while on supervision, cites his intention to move to Texas someday, and notes that he has fully paid his restitution obligation. Dkt. No. 77.

After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the

conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583; *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

The Court exercises its discretion to deny the request for early termination. *See United States v. Nixon*, 839 F.3d 885, 887 (9th Cir. 2016). Compliance with the terms of supervised release is expected (and required), and does not by itself constitute a basis for terminating supervision less than halfway through. The Court is also of the view that the deceptive nature of the long-term, large-scale fraud in which Defendant engaged counsels against simply taking his word for it when it comes to the characterization of his current situation and plans. The Court finds it especially concerning that Defendant's supervising probation officer in Hawaii says that "[d]espite [his] lenient sentence, Mr. Sparrow's attitude throughout supervision has consistently failed to appreciate these circumstances," and that "[i]nstead, he has displayed a contentious attitude toward supervision, which contradicts Mr. Sparrow' representation that this sentence has deterred him in any way and/or that he takes responsibility for his actions." Dkt. No. 80 at 2. This candid firsthand assessment establishes that the continued oversight of the Probation Department is warranted, especially given Defendant's ongoing work supporting financial real estate transactions and his plan to begin buying and selling properties himself. The need for specific and general deterrence also supports the continuation of Defendant's supervision term. And while the Court commends Defendant for satisfying his entire restitution obligation early, that prospect was a substantial part of the reason that his victims supported a noncustodial sentence in the first place, along with Defendant's parental responsibilities.

Ultimately, Defendant has not shown that the interests of justice warrant termination of supervised release at this early stage, and the motion for early termination is accordingly **DENIED**.

**IT IS SO ORDERED.**

Dated: 2/8/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

2